# CIRCUIT COURT OF THE CITY OF RICHMOND

Ryland Smith

v.

Director,
Virginia Department
of Corrections

April 10, 2001

Case No. LF-2568

BY JUDGE T. J. MARKOW

This matter is before the court on plaintiff's Motion for Summary Judgment. The defendant filed a response and both parties attached exhibits to their pleadings.

Plaintiff, a state prisoner proceeding *pro se*, filed a Bill of Complaint which essentially alleges that his right of access to the courts has been denied by the defendant's policies regarding access to the prison's law library and by defendant's policies regarding inmate mail. Plaintiff seeks a writ of mandamus ordering his discharge or any other appropriate relief.

No disputes of material fact exist as to the claim regarding access to the law library and the materials within. The law library policy allows inmates to request specific legal documents. Requests are limited to seven cases per week. An inmate must return the items checked out before he can receive additional material. The policy also provides for access by the inmates to an institutional attorney either through the mail or through personal meetings.

The plaintiff does not contest the adequacy of either the library or the attorney; rather, he challenges the fact that he does not have physical access to the library. As indicated by the policy, his access is limited to requesting specific documents.

Plaintiff's Motion for Summary Judgment is overruled with respect to his claim regarding access to the law library. The policy meets Constitutional

standards. The constitutional right of access to the courts requires that prisons provide inmates with *either* "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The policy of Red Onion State Prison provides inmates with access to both a law library and a lawyer. Even if the lack of physical access to the library standing alone would be problematic, in combination with the provision of an institutional attorney, it does not constitute a denial of the Constitutional right of access to the courts. *See William v. Leeke*, 584 F.2d 1336 (4th Cir. 1978).

No disputes of material fact exist with respect to the claim regarding the mail policy either. Both parties agree that a new policy has been implemented. The new policy regarding inmate correspondence, effective October 1, 2000, is attached to defendant's response.

The old policy allowed inmates to receive from private individuals only the following items: letters, greeting cards, photographs, and checks or money orders. Inmates were prohibited from receiving photocopied material. The inability to receive photocopied material was the crux of plaintiff's complaint about the policy. Under the new policy, photocopies are not prohibited. General correspondence is now limited to the contents of a one-ounce domestic first class letter.

Plaintiff's Motion for Summary Judgment is overruled with respect to the claim regarding the prison's mail policy because the part of the policy which the plaintiff complains of has been modified. His claim, therefore, is moot.

It is hereby ordered that plaintiff's Motion for Summary Judgment is overruled for the reasons stated above. Plaintiff's objections are noted.